

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| PATRICK BROWN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-2610-HFF-KFM |
| | § | |
| WAYNE FINDLEY et al., | § | |
| Defendants. | § | |

# ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 13, 2010, but Plaintiff failed to file any objections to the Report. The Court reviews the Report only for clear error in the absence of an

objection. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

In its review of the record in this case, it appears that there may be a genuine issue of material fact in regards to the excessive force claim. As noted by the Magistrate Judge, according to Plaintiff,

> [h]e eventually stopped running and placed his hands in the air. Despite his attempt to surrender, Sergeant Findley used a taser on him, with the prongs striking him in the back. He fell to the ground, and a "broken off sticker briar" became lodged in his eye. He was then shocked again with a second cycle of voltage from the taser.

Report 2. But, according to the officers,

> [t]he officers did not know whether the plaintiff was armed. As officers closed in, the plaintiff was ordered to stop running and to show that his hands were empty, and he was tasered until his hands were seen. These circumstances justified the use of a non-lethal taser to apprehend and control the plaintiff at the end of this dangerous pursuit.

*Id.* at 6.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, it is the judgment of the Court that Defendants' motion for summary judgment be **DISMISSED** without prejudice, with leave to refile so as to address the possible material fact issues as set forth above. The amended summary judgment motion shall be filed within thirty days of the filing of this Order.

**IT IS SO ORDERED**.

Signed this 30th day of March, 2011, in Spartanburg, South Carolina.

                                              s/ Henry F. Floyd
                                              HENRY F. FLOYD
                                              UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.