IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Patrick Brown, ) | |
| ) | Civil Action No. 6:09-2610-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Wayne Findley, Chad Cox, Phillip ) | |
| Anderson, and Sammy Hill ) | |
| ) | |
| Defendants. ) | |
| ) | |

  The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  The plaintiff was advised by order dated October 23, 2009, of his responsibility to notify the court *in writing* if his address changed. On April 29, 2011, the defendants filed an amended motion for summary judgment.[1] On May 2, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff did not respond to the motion.

---

[1] The defendants' original motion for summary judgment was filed on May 17, 2010. A *Roseboro* order was sent to the plaintiff on May 18, 2010, and he filed a response on June 28, 2010. In a report filed December 13, 2010, the undersigned recommended that the defendants' motion for summary judgment be granted. On March 30, 2011, the Honorable Henry F. Floyd, (then) United States District Judge, dismissed the motion for summary judgment without prejudice with leave for the defendants to refile to address possible material fact issues. The amended motion for summary judgment at issue here followed.

As the plaintiff is proceeding *pro se*, the court filed a second order on September 28, 2011, giving the plaintiff through October 25, 2011, to file his response to the amended motion for summary judgment. The plaintiff was specifically advised that if he failed to respond this action would be dismissed for failure to prosecute. The September 28th order was returned as undeliverable on October 6, 2011. On October 14, 2011, the Clerk of Court mailed the plaintiff a notice that the case had been reassigned to the Honorable Timothy M. Cain, United States District Judge. That notice was returned as undeliverable on October 24, 2011. On the envelope was the notation that the plaintiff was released from Lieber Correctional Institution on August 1, 2011.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed and he has failed to keep the court apprised of his address. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned

concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution and failure to comply with orders of the court pursuant to Federal Rule of Civil Procedure 41(b). *See Ballard*, 882 F.2d at 95.


October 26, 2011                                    s/Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).