IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Patrick Brown, a/k/a Patrick Lee Brown, | ) | |
| | ) | C.A. No. 6:09-2610-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wayne Findley, Chad Cox, Phillip Anderson, and Sammy Hill, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Patrick Brown (Brown), a *pro se* plaintiff, filed this civil action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court on the magistrate judge's Report and Recommendation (Report). (Dkt. No. 88.)   The Report, filed on October 26, 2011, recommends that this action be dismissed for lack of prosecution and failure to comply with orders of the court pursuant to Federal Rule of Civil Procedure 41(b).  *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's recommendation here without a recitation.

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

On October 26, 2011, the magistrate judge filed the Report and a copy of it was placed in the mail to Brown. (Dkt. No. 89.) Brown was advised of his right to file objections to the Report. (Dkt. No. 88 at 4.)   However, the Report was returned as "undeliverable" on November 3, 2011. (Dkt. No. 90.) Based on his failure to comply with the Rules of Civil Procedure and the orders of the court, it appears the Brown no longer wishes to pursue this action.

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation.   *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation.   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it here. (Dkt. No. 88.) Accordingly, this action is **DISMISSED** for lack of prosecution and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). The clerk of court shall provide a filed copy of this order to the plaintiff at his last known address. The plaintiff's attention is directed to the important notice on the following page.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 23, 2011

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.